

ORIGINAL

MARK J. BENNETT          2672
Attorney General of Hawaii

CINDY S. INOUYE          3968
JOHN M. CREGOR, JR.      3521
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone:  (808) 586-1494
Facsimile:   (808) 586-1369
Email: John.M.Cregor@hawaii.gov

Attorney for Defendants
HCF DENTAL DEPARTMENT, JOHN PEYTON,
FRANK LOPEZ, WESLEY MUN, DEBORAH
STAMPFLE, HAWAII DEPT. OF PUBLIC
SAFETY, and JAMES PROPOTNICK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 7 2006

at ___3___ o'clock and _15_ p____M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY NESBIT, <br><br> Plaintiff, <br><br> vs. <br><br> HCF DENTAL DEPARTMENT; JOHN PEYTON; FRANK LOPEZ; KAY BAUMAN; WESLEY MUN; JUNE TAVARES; DEBORAH STAMPFLE; STATE OF HAWAII DEPT. OF PUBLIC SAFETY; JAMES PROPOTNICK; DOE DEFENDANTS 1-10, <br><br> Defendants. | CIVIL NO:  04-00157 SOM-BMK <br><br> DEFENDANTS' JUNE TAVARES and DEBORAH STAMPFLE'S **MOTION FOR RECONSIDERATION**; EXHIBITS "1" – "3"; CERTIFICATE OF SERVICE <br><br> HEARING: <br> DATE:  Feb. 13, 2006 <br> TIME:  10:30 am <br> JUDGE:  SUSAN OKI MOLLWAY <br><br> TRIAL:  JUNE 6, 2006 |

## DEFENDANTS' JUNE TAVARES and DEBORAH STAMPFLE'S MOTION FOR RECONSIDERATION

Defendants June Tavares and Deborah Stampfle by and through their attorneys, Mark J. Bennett, Attorney General, and Cindy S. Inouye and John M. Cregor, Deputy Attorneys General, having received leave of court, hereby submit their Motion for Reconsideration of this Court's Order Dismissing Claims for Prospective Injunctive Relief and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment

Defendants, Tavares and Stampfle move this Court for reconsideration of that portion of its October 24, 2005 order denying their Motion for Summary Judgment. This Court has found in the above order the there is a triable issue of fact whether defendants Tavares and Stampfle were deliberately indifferent to plaintiff Nesbit's pain and dental needs and further denied their motion for qualified immunity.

With this motion for reconsideration, Defendants present additional information which was not presented with the original motion only because Defendants did not reasonably anticipate that the court would impose duties upon Defendants Tavares and Stampfle, which as a matter of fact were outside of their purview at the relevant times. As these Defendants understand the Court's order of October 24, 2005, the Court has found that they became aware of Plaintiff's

2

complaints of dental pain and did not address them appropriately and therefore could have been deliberately different to his condition. Defendants Tavares and Stampfle urge this Court to reconsider and reverse that position on the following statement of facts and law.

At all relevant times Plaintiff Nesbit was an inmate at the Halawa Correctional Facility. Defendants Tavares and Stampfle held administrative positions in the Department of Public Safety's offices in downtown Honolulu. While it is true that Plaintiff submitted six requests for a dental appointment prior to his actually seeing the dentist those, complaints would have been collected by the line nurses at the Halawa facility under the supervision of Barbara Kaiser, who is now deceased.[1] Neither Barbara Kaiser nor any of the line nurses are named defendants in this case. Not only did those requests for dental treatment not reach defendants Tavares and Stampfle but they were effectively cut off by the fact that Plaintiff Nesbit did actually see a dentist, Dr. Keith Uyehara on July 9, 2003, eight days subsequent to his filing of his first grievance and prior to the denial of that grievance by Barbara Kaiser. Nesbit's requests to see a dentist were in fact answered by his appointment with Dr. Uyehara.

The Department of Public Safety's procedures for dealing with inmate grievances permits the administrative reviewer to grant, deny, or modify the

---

[1] See Declaration of Wesley Mun, attached hereto as Exhibit "1".

response to the request by the inmate.[2]  Nesbit's request to both Defendants

Stampfle and Tavares was that he be provided a crown, partial, or root canal.  The

Plaintiff's initial complaint was not included as part of the request in the step three

grievance which was denied Defendant Tavares. (Ex. 2) At the time of their

responses, both Defendants were aware that the Plaintiff had already seen a dentist

and had refused treatment. (Exs. 2 and 3)  Even if the Defendants had been aware

of the Plaintiff's initial complaint, they could not have provided any relief

regarding the delay in treatment or the alleged pain of the plaintiff, because by that

time he had seen a clinician and declined treatment. In addition, because the relief

requested by the Plaintiff at the second and third level of grievance was prohibited

by the Department of Public Safety's dental policy, Defendants Tavares and

Stampfle had no alternative but to deny the grievances. (Exs. 2 and 3)

In her letter of August 21, 2003 to Plaintiff Nesbit, Defendant Stampfle,

responding to Nesbit's letter to Dr. Bauman, correctly advised him that the State

would not provide him with partial plates or root canals.  She also correctly

advised him that he had the option of obtaining dental care outside of the facility at

his own expense.  She further addressed the delay in Nesbit's getting to see a

dentist, and noted that his concerns had been addressed by the dentist. (Ex. 3)

Although Defendant Stampfle in that letter did not advise Nesbit of the specific

---

[2] See the Declarations of June Tavares and Deborah Stampfle, attached hereto as Exhibits "2" and "3" respectively.

procedures available for obtaining outside dental care, Defendant Tavares in a letter of September 8, 2003 to Plaintiff Nesbit did advise him that the Policy and Procedures documents were available to him in the prison law library. (Ex. 2) There has been no question in this case that Nesbit had the opportunity, and did in fact use that law library extensively. Neither Defendant Tavares nor Stampfle had the authority to do anything more.

The question before this court is *deliberate indifference.* Deliberate indifference has been held by the Ninth Circuit to require purposefully ignoring or failing to respond to a prisoner's pain or medical needs. McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1992). By the time Defendants Tavares and Stampfle became involved with Nesbit's case, he had already been examined by a dentist, and, although he now denies that he denied being in pain to that dentist, he was offered extraction, a procedure which would have ended whatever pain he had. Although that was not his choice of treatment, it is an acceptable modality *within the* accepted standards of the community practice. On page 22 of the October 24, 2005 Order, this Court further noted that Nesbit was given Tylenol for pain, but claims that it was not working and was not given anything else. As a matter of law, questions of choice of medication are medical questions not to be second-guessed by the court. Franklin v. State of Oregon, State Welfare Div., 662 F.2d 1337 (9th Cir. 1981), Toguchi v. Chung, 391 F.3d 1051 (C.A. 9 (Hawaii) 2004).

Moreover, deliberate indifference requires *acts that "shock the conscience of mankind"*, Estelle v. Gamble, 429 US 97, 97 S. Ct. 285, 50 L.Ed. 2d 251 (1976), not just a difference of opinion as to the treatment prescribed. Additionally, a prisoner does not have the right to choose the course of treatment to be provided, Cognato v. Ciccone, 558 F.2d 512 (8th Cir. 1977).

Defendants Tavares and Stampfle were not on site at Halawa and were not the proper parties to address the delay in treatment issue. Perhaps the issue could have been raised had Nesbit requested in an initial grievance that he be given different medications, but he did not. He only asked for partials and root canals, a request which Defendants could not grant. Parenthetically, it should be noted that narcotic pain medication is simply not dispensed to prison inmates unless they are confined in the infirmary facility. While appropriate treatment of extraction and or NSAID's were always an option to Nesbit, the record is clear that he made the conscious choice to wait and do nothing until his transfer to the Talahatchee facility in Mississippi. There is further no question that his dental needs were there addressed to his satisfaction. Finally, there can be no deliberate indifference to serious medical needs if an appropriate medical treatment was offered and the plaintiff refused the treatment. Farmer v. Brennan, 511 U.S. 825 (1994).

Although Defendant Tavares did advise Nesbit that the Policies and Procedures regarding dental care, which included those policies and procedures

regarding prosthetic devices, were available for his perusal in the law library, his specific requests, as contained in his grievance for partials and root canals, are not considered necessary prosthetic devices under the purview of the policy allowing a payment plan; (Ex. 1) therefore it is difficult to see how either of them could be deliberately indifferent to his dental needs for not advising him of that specific policy.

The standard for deliberate indifference is an individualized, purposeful failure to respond to an inmate's serious medical needs. Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990); Leer v. Murphy, 844 F.2d 628 (9th cir. 1998); Eades v. Thompson, 823 F.2d 1055 (7th Cir. 1987). Neither Tavares nor Stampfle can be found deliberately indifferent as a matter of law. Each was asked to respond "up or down" to a request which they could not grant. Even then, at that time, they knew that he had seen a dentist, had been offered extraction, which would have alleviated his pain, had been offered and was receiving pain medication as dispensed by the on site medical personnel. Not only did they act within the confines of the options available to them but they also knew that they were acting within community standards and that the State of Hawaii's MedQuest program would only pay for extraction. As such, each was acting within the law with the full believe that her actions were within the law and should therefore be entitled to qualified immunity.

For all of the foregoing reasons, Defendants, Tavares and Stampfle, respectfully request that this Court reconsider its Order of October 24, 2005, and grant each of them Summary Judgment in this case.

DATED:    Honolulu, Hawaii, January 17, 2006.


_____
JOHN M CREGOR, JR.
Deputy Attorney General

Attorney for Defendants
JUNE TAVARES and
DEBORAH STAMPFLE