IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY NESBIT,<br><br>　　　　Plaintiff,<br>vs.<br><br>HCF DENTAL DEPARTMENT; JOHN PEYTON; FRANK LOPEZ; KAY BAUMAN; WESLEY MUN; JUNE TAVARES; DEBORAH STAMPFLE; STATE OF HAWAII DEPT. OF PUBLIC SAFETY; JAMES PROPOTNICK; DOE DEFENDANTS 1-10,<br><br>　　　　Defendants. | CIVIL NO: 04-00157 SOM-BMK<br><br>**DECLARATION OF JUNE TAVARES; EXHIBIT 1** |

## DECLARATION OF JUNE TAVARES

June Tavares under penalty of perjury states and declares as follows:

1. I am June Tavares, one of the named defendants in this case.

2. I have been employed by the State of Hawaii, Department of Public Safety for the last eighteen years.

3. I have been the Health Information Branch Administrator since 1992.

4. My office is located at 919 Ala Moana Blvd, Honolulu, HI, 96814, in the headquarters of the Department of Public Safety.

5. When the Corrections Health Care Administrator is out of the office, I sometimes act in his capacity. One of the responsibilities of the Health Care

~7775875

Division Administrator is to respond to the third step inmate grievances. On the infrequent times I act as the Corrections Health Care Administrator, I respond to these grievances.

6. By departmental policy, when I respond to the third step grievances, I can grant or deny the inmate's request for specific relief, or I can modify the department's response to the second step grievance.

7. I was acting as the Corrections Health Care Administrator when I responded to inmate Nesbit's third step grievance. I did not receive inmate Nesbit's first and second grievances, but only the responses to those complaints. In this grievance, Inmate Nesbit requested the department to provide adequate dental care for prisoners that have no money that included crowns, root canals, bridges, partials, and restorative dental care.

8. The policy on inmate grievances requires that complaints be specifically in regard to the inmate filing the grievance, although inmate Nesbit seems to be addressing the issue on behalf of all indigent inmates. Further, the policy requires that the inmate only address one issue per complaint. I addressed inmate Nesbit's grievance specifically in regard to his request for crowns, root canals, bridges, and partials because Nesbit's grievance states that his complaint would be resolved if he received these treatments.

9. Pursuant to policy, the department will generally not provide crowns, root canals, bridges, and partials for inmates, unless these are found to be medically necessary for the inmate to be able to eat. I was aware that inmate Nesbit had already been seen by a dentist who did not find these treatments to be medically necessary. Policy does permit inmates to pay for these treatments on their own, with the payment arrangements worked out between the inmate and the private provider.

10. Under the department policy on prosthetics, if a prosthetic is medically necessary and the inmate is indigent, the department will pay for the prosthetic and develop a payment schedule with the inmate. Dentures are the only dental treatment listed as a prosthetic under this policy. Therefore, there could be no payment plan for the dental treatments requested by inmate Nesbit.

11. I was aware that when inmate Nesbit had seen the dentist prior to my response to his grievance, that the dentist offered to extract the tooth in order to alleviate any pain concerns, consistent with the community standard of dental practice. I was also aware that inmate Nesbit had refused to have his tooth extracted.

12. On September 8, 2003, I sent inmate Nesbit a letter, a true copy of which is attached hereto as Exhibit "1", advising him that a copy of the dental policy was available to him in the facility law library.

~7775875

13. I denied inmate Nesbit's third step grievance based on the policies and procedures of the Department of Public Safety, and the medical judgment of the treating dentist.

Further Declarant sayeth naught.

DATED: 11/23/05.

_____
JUNE TAVARES

LINDA LINGLE
GOVERNOR



STATE OF HAWAII
DEPARTMENT OF PUBLIC SAFETY
919 Ala Moana Boulevard, 4th Floor
Honolulu, Hawaii 96814

JOHN F. PEYTON, JR.
DIRECTOR

CLAIRE Y. NAKAMURA
Deputy Director
Administration

FRANK J. LOPEZ
Deputy Director
Corrections

JAMES L. PROPOTNICK
Deputy Director
Law Enforcement

No. _____

September 8, 2003

Mr. Anthony Nesbit
99-902 Moanalua Road
Aiea, Hawaii 96795

Dear Mr. Nesbit:

SUBJECT:   REQUEST FOR INFORMATION

Doctor Kay Bauman referred your letter dated September 3, 2003 to me regarding your request for information. It appears from your letter that you would like information pertaining to personnel responsible for the dental administration and care at Halawa Correctional Center. You are also asking for the personnel responsible for formulating and finalizing the new dental policy.

The policy is available in the inmate library. The signatures on the last page of the policy are the administrators who finalized and approved the policy after it was reviewed by the Attorney General's Office.

Hawaii Revised Statute, Chapter 92F does not require the Halawa Health Care Section to compile a list of names of personnel where none exist.

I am sending your request to the Department of Public Safety, Personnel Office. If the Personnel Office has the information already compiled on dental personnel, you will be required to pay for copy cost and postage before the information is released to you. Copy cost is fifty (50) cents for a single sided sheet and $1.00 for a double sided sheet. If you are willing to pay for copy cost and postage, please send your request to the address at the top of this letter, Attention: PERS.

Sincerely,

June Tavares
Health Information Branch Administrator

C:    PERS
      Kay Bauman, MD

"An Equal Opportunity Employer/Agency"

EXHIBIT "F"