IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY NESBIT,<br><br>      Plaintiff,<br>vs.<br><br>HCF DENTAL DEPARTMENT; JOHN PEYTON; FRANK LOPEZ; KAY BAUMAN; WESLEY MUN; JUNE TAVARES; DEBORAH STAMPFLE; STATE OF HAWAII DEPT. OF PUBLIC SAFETY; JAMES PROPOTNICK; DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIVIL NO: 04-00157 SOM-BMK<br><br>**DECLARATION OF DEBORAH STAMPFLE** |

## DECLARATION OF DEBORAH STAMPFLE

Deborah Stampfle under penalty of perjury states and declares as follows:

1. I am Deborah Stampfle, one of the named defendants in this case.

2. I have been employed by the State of Hawaii, Department of Public Safety for the last two years as the Clinical Services Branch Administrator.

3. My office is located at 919 Ala Moana Blvd, Honolulu, HI, 96814, in the headquarters of the Department of Public Safety.

4. As the Clinical Services Branch Administrator, I am responsible for responding to second step grievances.

~9590561

5.  By departmental policy, when I respond to the second step grievances, I can grant or deny the inmate's request for specific relief, or I can modify the department's response to the first step grievance.

6.  I responded to inmate Nesbit's second step grievance. In his grievance, Inmate Nesbit requested that the facility provide adequate dental care that included crowns, partials and restorative dental care, so that he could eat without pain and discomfort.

7.  I was aware that inmate Nesbit had seen the dentist prior to my response to his grievance, and that the dentist offered to extract the tooth in order to alleviate any pain concerns, consistent with the community standard of dental practice. I was also aware that inmate Nesbit had refused to have his tooth extracted.

8.  Pursuant to policy, the department will generally not provide crowns and partials for inmates. I was aware that inmate Nesbit had already been seen by a dentist who did not find these treatments to be medically necessary. Policy does permit inmates to pay for these treatments on their own, with the payment arrangements worked out between the inmate and the private provider.

9.  In my response to inmate Nesbit's grievance, I advised inmate Nesbit of the departmental policy, and the options available to him, which included pain

medication, tooth extraction, or a private provider for which he was financially responsible.

    Further Declarant sayeth naught.

Dated: 11/23/05.

*[signature]*

DEBORAH STAMPFLE