IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY NESBIT, | ) | CIVIL NO. 04-00157 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| HCF DENTAL DEPARTMENT, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING MOTION FOR RECONSIDERATION

Defendants June Tavares and Deborah Stampfle move for reconsideration of this court's October 24, 2005, Order Dismissing Claims for Prospective Injunctive Relief and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("October 24 Order"). Tavares and Stampfle say that this court misapprehended or misunderstood their role in Plaintiff Anthony Nesbit's claims and their duties with the Hawaii Department of Public Safety ("DPS").

Given the new information Tavares and Stampfle provide, the court GRANTS Defendants' motion for reconsideration ("Motion") of the October 24 Order and GRANTS Defendants Tavares and Stampfle summary judgment in their individual capacities with respect to compensatory and punitive damage claims.

## PROCEDURAL BACKGROUND AND FACTS

The facts underlying this action have been set forth in previous orders and are supplemented here only as relates to remaining claims and the present motion.[1]  Nesbit alleges that Defendants were deliberately indifferent to his serious medical needs by delaying scheduling him for dental treatment for several months, even though he notified them he was in pain.  Nesbit first requested dental care in December 2002, but he was not seen by the prison dental department until eight months later, in July 2003.  Nesbit argues that Defendants violated the Eighth Amendment by causing him to suffer pain in light of this delay, and by failing to provide him with the type of dental care that he requested when he was finally seen.  Tavares and Stampfle are the only named Defendants remaining in this action.

---

[1] The court previously granted summary judgment to Defendant Kay Bauman.  See Order Dismissing Damage Claims Against Defendant Kay Bauman in Her Official Capacity, Dismissing Damage Claims Against Defendant Department of Public Safety, and Granting Defendant Kay Bauman Summary Judgment in her Individual Capacity, entered June 28, 2005 ("June 28 Order").  The court also held that the prison's dental policy, as written, satisfies the Eighth Amendment and is, therefore, constitutional.  Nesbit's claims for prospective injunctive relief regarding the DPS Dental Policy were dismissed as well.  The court reserved judgment on whether the policy was unconstitutionally applied to Nesbit.

The October 24 Order at issue in this Motion dismissed claims against all Defendants in their official capacities, dismissed all remaining claims for injunctive relief, and granted summary judgment to Defendants Peyton, Propotnik, Mun, and Lopez. The court denied summary judgment to Tavares and Stampfle.

Stampfle is the DPS Clinical Services Branch Administrator.  Stampfle became involved with Nesbit when she answered his Step 2 grievance, filed on July 23, 2003, complaining of the dental care that he had finally received on July 9, 2003.  In August 2003, Stampfle also responded to a letter Nesbit had sent to Dr. Kay Bauman.

Tavares is the DPS Health Information Branch Administrator; she responded to Nesbit's Step 3 grievance, filed after Stampfle denied his Step 2 grievance.  On September 8, 2003, Tavares also sent Nesbit a letter informing him that a copy of the DPS dental policy was available in the prison law library.

Defendants' attorney, Deputy Attorney General John M. Cregor, states that he earlier failed to clarify Tavares's and Stampfle's inability to respond to Nesbit's requests for dental care between December 2002 and May 2003 because he did not learn of the timing of their interaction with Nesbit, or their specific duties regarding inmate grievances, until after the ten-day period for seeking reconsideration had passed.  See Rule LR60.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii.  Cregor states that he did not supply this information prior to the hearing on the motion for summary judgment because he did not expect the court to relate Tavares's and Stampfle's responses to Nesbit's grievances relating to his earlier complaints of pain and requests for

dental care that he lodged with the prison's nursing staff. Defendants assert that the motion is not interposed for the purpose of delay and believe that their claims are meritorious. This court allowed the late filing of the reconsideration motion.

**LEGAL STANDARD**

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Defendants seek relief pursuant to Local Rule 60.1(a), which allows reconsideration of interlocutory orders when new, material facts that were not previously available are discovered. To support a motion for reconsideration based upon newly discovered facts, a party must show not only that this evidence was newly discovered or unknown until after the hearing on the underlying motion, but also that the party could not with reasonable diligence have discovered and produced such evidence at the hearing. See Engelhard Indus., Inc. v. Research Instr. Corp., 324 F.2d 347, 352 (9th Cir. 1963) (deciding a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure, based on a claim of newly discovered evidence).

4

The court believes that the present reconsideration motion is better reviewed under Local Rule 60.1(c).  Under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought based on manifest errors of law or fact when there is a need to correct the errors to prevent manifest injustice. See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004) (noting that reconsideration motions may be granted when there is a need to correct a manifest error to prevent manifest injustice); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same); Donaldson, 947 F. Supp. at 430 (interpreting identical language in a prior local rule regarding manifest errors).

Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

**DISCUSSION**

I.    <u>The DPS Dental Policy is Constitutional.</u>

Nesbit has argued throughout this action, including in his Opposition to this motion for reconsideration, that the HCF dental plan is unconstitutional. As a preliminary matter, and to put this argument to rest once and for all, the court addresses Defendants' representations in this motion that they may have inadvertently misled the court that the DPS dental plan accords indigent prisoners access to *all* elective, outside dental care, without prepayment. Defendants now clarify that the DPS dental plan only allows indigent prisoners a payment plan for *necessary prosthetics* required to restore vital body functions, such as the ability to chew food. From Defendants' earlier filings, the court had concluded that indigent prisoners were entitled to rely on payment plans for all elective dental procedures.

Although it is disturbing that Defendants were not more specific in earlier papers, or at the hearings in previous dispositive motions, regarding exactly what type of care was encompassed by the DPS dental plan's deferred payment option, this change does not render the DPS dental policy unconstitutional. As this court noted in the June 28 Order,

> Nothing in the Dental Policy as written is
> unconstitutional. The Dental Policy allows
> but does not require private dental care and
> says nothing about payment for urgent or
> painful conditions. The Constitution does

6

> not, in any event, require the Dental Policy
> to provide free of charge all dental
> appliances inmates may request. . . .
> Similarly, even if Nesbit was told he would
> have to pay for dental appliances, that would
> not violate the Eighth Amendment unless it
> prevented Nesbit from receiving dental care.

Id. at 21 (citing Shapley v. Nevada Bd. of State Prison Comm'rs,

766 F.2d 404, 408 (9th Cir. 1985)).  The DPS's prohibition of

outside dental care for elective procedures that inmates cannot

pay for is not unconstitutional as long as *necessary* outside care

to restore vital body functions is provided via a payment plan or

otherwise.  Nesbit's requests for bridges, crowns, and root

canals do not fall under this category.  The DPS dental policy

provides for outside care to restore vital body functions, as

well as a payment plan for dentures, and is, therefore,

constitutional.

II.  Tavares and Stampfle are not Individually Liable to Nesbit.

        In its October 24 Order, this court said that there

were triable questions of fact "as to whether Tavares and

Stampfle were deliberately indifferent to Nesbit's pain or

serious medical needs and as to whether the manner in which the

DPS Dental Policy was applied to Nesbit was unconstitutional."

Id. at 22.  It is now clear that neither Tavares nor Stampfle was

involved in delaying Nesbit's dental care between December 2002

and July 2003.  There is no evidence that either Tavares or

Stampfle, in their respective positions with the DPS, was even

7

aware that Nesbit had been requesting dental care and complaining of escalating pain between December 2002 and May 2003.  By the time Tavares and Stampfle became involved with Nesbit, he had already been seen by Dr. Keith Uyehara on July 9, 2003, had refused the treatment offered to alleviate his pain (extraction), had been offered medication, and had elected to await further treatment in Mississippi after he was transferred.

The undisputed facts show that Stampfle's only involvement with Nesbit was to deny his grievance requesting elective treatment not provided by the DPS dental plan and to inform him that the DPS plan did not provide the elective care he desired, although he could obtain such care at an outside facility at his own expense.  (Def. Ex. 3.)  Tavares's only involvement with Nesbit was to uphold Stampfle's denial of his grievance and to advise him that a copy of the DPS Policy and Procedures manual, containing information about the DPS dental policy, was available at the prison library.  (Def. Ex. 2 and I.)  Nesbit offers no evidence that either Tavares or Stampfle had anything to do with the delay in scheduling a dental appointment for him.

Tavares and Stampfle could not, therefore, have acted with deliberate indifference to Nesbit's serious medical needs. See McGuckin v. Smith, 974 F.2d 1050, 60 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d

8

1133, 1136 (9th Cir. 1998) (to establish "deliberate indifference," a prisoner must show that the defendant's responses purposefully ignored or failed to respond to the prisoner's pain or possible medical need). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way prison officials provide medical care. Id. at 1059-60. Neither Tavares nor Stampfle denied, delayed, or interfered with the level of dental care that Nesbit was constitutionally entitled to receive.

Unfortunately, Nesbit has never named any of the HCF dental department personnel who may have been responsible for delays in the scheduling of his appointments. Moreover, although Nesbit argues in his Opposition that he told Dr. Uyehara that he was in pain, the undisputed evidence shows that Nesbit refused extraction to alleviate his pain and that Nesbit never moved to amend his action to include claims against Dr. Uyehara for allegedly refusing to provide pain medication to Nesbit.[2]  None

---

[2] This allegation is unclear. In his Opposition, Nesbit argues that he informed Dr. Uyehara that he was in pain when he saw him in July 2003. In earlier motions, Nesbit vaguely stated that Dr. Uyehara did not offer him pain medication, although Nesbit did not specifically say that he requested pain medication and was refused. (See July 27, 2005 Nesbit Dec.) Dr. Uyehara disputes this, stating that Nesbit was offered and refused pain medication, and Defendants provided Nesbit's dental records for the date Dr. Uyehara examined him. The records indicated that Nesbit declined pain medication. Despited this factual dispute,

of the named Defendants remaining in this action was, or could
have been, responsible for Nesbit's pain from the time he first
requested dental care to the date that he finally received it.

Defendants have persuaded this court that failure to
reconsider the facts now presented would result in a manifest
error in law or fact.  It is also clear that the facts presented
in this motion were unknown until after the hearing, and that
Defendants' failure to discover these facts before the hearing
resulted from ignorance of the court's misperception of Tavares's
and Stampfle's duties and interaction with Nesbit's claims.  The
motion for reconsideration is GRANTED.

There is now no genuine disputed issue of material fact
tying Tavares and Stampfle to Nesbit's claims, and they are
entitled to summary judgment in their individual capacities.  <u>See</u>
Fed. R. Civ. P. 56(c); <u>see also</u> <u>Porter v. Cal. Dep't of Corr.</u>,
383 F.3d 1018, 1024 (9th Cir. 2004); <u>Addisu v. Fred Meyer, Inc.</u>,
198 F.3d 1130, 1134 (9th Cir. 2000).

---

Nesbit has never named Dr. Uyehara as a party in this action, nor
alleged that his pain was attributable to Dr. Uyehara's action or
inaction.

<u>CONCLUSION</u>

1.    The Motion for Reconsideration is GRANTED.

2.    Summary judgment is GRANTED with respect to Nesbit's claims against Tavares and Stampfle, in their individual capacities, for compensatory and punitive damages.

3.    This order resolves all remaining claims.  The Clerk of Court is therefore directed to enter judgment for Defendants.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, February 14, 2006.



_Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

<u>Nesbit v. HCF Dental Dep't., et al.</u>, Civ. No. 04-00157 SOM-BMK; ORDER GRANTING MOTION FOR RECONSIDERATION; dmp/orders 06/Nesbit 04-157 RECON

11